UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No:   6:14-cv-1537-Orl-22TBS

JEAN R. DEMESMIN and TONYA CHAMBERS,

    Defendants.

## ORDER

Plaintiff United States of America alleges that in 2013, Defendant Jean R. Demesmin owned 26 tax preparation stores in Florida, Georgia, North Carolina, and Tennessee, and that Defendant Tonya Chambers owned 6 tax return preparation stores in Florida and North Carolina.  (Doc. 1).  Defendants and their employees are allegedly responsible for the preparation of thousands of federal income tax returns.  (Id.). Plaintiff avers that Defendants violated federal tax laws including by continually and repeatedly causing the preparation of false and fraudulent federal income tax returns and engaging in fraudulent and deceptive conduct that substantially interfered with the administration of the tax laws.  (Id.).  Before suit was filed, the Internal Revenue Service interviewed 119 of Defendants' customers to determine the error rate at Defendants' stores.  (Doc. 30).

Pending before the Court is the parties' Joint Motion for Leave to Take More Than 10 Fact Depositions.  (Doc. 30).  Defendants intend to depose all of the customers identified in Plaintiff's complaint and most if not all of the 119 customers interviewed by the IRS to perform its statistical analysis.  (Id.).  Plaintiff seeks to depose a sufficient

number of Defendants' customers to factually support its allegations of widespread and systemic preparation of fraudulent tax returns. (Id.). The parties also wish to depose Defendants' current and former employees and other persons associated with Defendants' tax preparation business. (Id.). To accomplish this discovery, the parties are requesting leave of Court to take up to 150 fact depositions per side.

Ordinarily, when a party seeks leave of court to take more than the ten depositions allowed by Fed. R. Civ. P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). These concerns are satisfied because the motion before the Court was filed jointly by all parties. Accordingly, after due consideration the motion is **GRANTED**. The parties may take up to 150 fact depositions per side.

**DONE** and **ORDERED** in Orlando, Florida on November 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record